UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PETER PAUL MITRANO,

     Plaintiff,

     v.                                          Case No.:  6:25-cv-00974-AGM

CARY CUCINELLI, MARTHA
MOTHERSHEAD,

     Defendants.

## OPINION

Appellant Peter Paul Mitrano appeals the bankruptcy court's Order dismissing the Adversary Proceeding Case No. 6:24-ap-00043-TPG ("Adversary Proceeding") with prejudice (Doc. # 3-2) and its Order denying his Motion for Reconsideration (Doc. # 3-3).  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).  After reviewing the Parties' briefs, the record on appeal, and the relevant legal authorities, the bankruptcy court's order is due to be affirmed.

## I.    FACTUAL BACKGROUND

In July 2019, Mr. Mitrano's siblings filed an action in Virginia state court seeking to partition, sell, and split the proceeds of property (the "Property") that was left to them by their late father.  The state court entered an order appointing Appellee Cucinelli as the Special Commission of Sale of the property and directing her to eject or evict Mr. Mitrano and all other occupants and sell the property.  After several lawsuits, appeals, and court orders, Appellee Mothershead filed a Writ of Eviction with the Fairfax County Circuit Court, which

was granted.  The Fairfax County Sheriff scheduled the formal eviction to take place on April 30, 2024.

Four days before the scheduled formal eviction, Mr. Mitrano filed a petition for Chapter 13 bankruptcy (the "Bankruptcy Case").[1]  Mr. Mitrano's petition was a "skeletal petition" which included no schedules, no statement of financial affairs, nor any documentation of his completion of a means test.  Four days later, the Appellees proceeded with the court-ordered eviction of the Property.  After the eviction, Mr. Mitrano initiated the Adversary Proceeding, and sought sanctions against the Appellees, including punitive damages, for the alleged willful violation of the automatic stay.

In the Bankruptcy Case, Appellees moved to dismiss the Adversary Proceeding and filed a motion for a determination that the automatic stay did not apply to the acts of Appellees, or alternatively, requested a modification of the automatic stay to permit Appellees to effectuate the Virginia Court order for eviction of the Property.

On March 6, 2025, the bankruptcy court held a hearing in the Bankruptcy Case and found that Mr. Mitrano filed his bankruptcy petition in bad faith to delay or hinder creditors. Because the bankruptcy court concluded that Mr. Mitrano's bankruptcy petition was filed in bad faith, it also concluded no stay applied, and that alternatively, relief from stay was granted. As a result, the bankruptcy court entered an Order dismissing the Adversary Proceeding.  (See Doc. # 3-2.)

On March 28, 2025, Mr. Mitrano filed a Motion for Reconsideration in the Adversary Proceeding.  The bankruptcy court denied the Motion for Reconsideration.  (See Doc. # 3-3.)

---

[1] The bankruptcy case is *In re: Peter Paul Mitrano*, Case No. 6:24-bk-02053-02053.

On April 23, 2025, Mr. Mitrano filed this Appeal, challenging (1) the dismissal of the Adversary Proceeding, and (2) the denial of reconsideration.

## II.      STANDARD OF REVIEW

On appeal, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard and its conclusions of law are reviewed de novo. *In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990).

## III.     ANALYSIS

Appellees argue that the bankruptcy court properly dismissed Mr. Mitrano's Adversary Proceeding when it found that his bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors and parties-in-interest regarding the Property, and as such, no stay applied, or in the alternative, that it was appropriate to grant Appellees relief from the automatic stay. For the reasons articulated in Appellees' brief, the Court concludes that the bankruptcy court's finding that the petition was filed in bad faith was not clearly erroneous.

## IV.     CONCLUSION

The order under review is affirmed.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1.      Appellant's bankruptcy appeal is **DISMISSED**;

2.      The Court **AFFIRMS** the Order Dismissing the Adversary Proceeding with Prejudice and the Order Denying the Motion for Reconsideration;

3

3.      The Clerk is directed to enter judgment for the Appellees, close the case, and

transmit a copy of this order to the Clerk of the United States Bankruptcy Court

for the Middle District of Florida.

**DONE** and **ORDERED** in Chambers in Orlando, Florida, on this July 9, 2026.

_____
ANNE LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies Furnished To:**

Pro se Plaintiff

Counsel of Record